COPE, C.J.
(concurring).
Under the circumstances of this case, I concur. I agree with the trial judge that it is ordinarily in the childrens’ best interest to participate in family events, and that temporary modifications may be justified in some circumstances — including family reunions — to make that possible. I do not understand the majority opinion to say otherwise.
In this instance, however, the parties’ agreed visitation schedule provides for the mother to have the children each July when she takes them to Spain. The record reflects that the mother voluntarily shortened her July visitation in 2005 so the children could attend the father’s family reunion in Oklahoma. This year the father demanded the same without, so far as I can tell, any proposal for adjusting the mother’s visitation to compensate for the fact that she would be returning the children 9 days early. When the mother attempted to state what she had been prepared to do this year, the father successfully kept the mother’s position from the court by objecting that this amounted to settlement negotiations. The father waited until the eleventh hour to file his motion, after travel arrangements had already been made. The fact that the father will pay for the expense of changing the children’s air tickets does not adjust for the mothers loss of the agreed summer visitation time and, absent circumstances more compelling than these, such changes should not be ordered at the last minute.
If this were a one-time or rarely-occurring reunion, I would agree with the trial court’s decision to grant temporary relief. However, since this apparently is an annual reunion (about which no provision exists in the parties’ visitation agreement), and the father is asking that the children attend for the second year in a row, his 2006 request cannot fairly be viewed as requesting “temporary” relief. If this is to be an ongoing issue, then it should be addressed in the father’s pending motion to modify several aspects of the summer visitation schedule, which has not yet been heard.